No. 23-1566

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

GARY WASHINGTON,

*Plaintiff-Appellant*

v.

THOMAS PELLIGRINI, *et al.,*

*Defendants-Appellees*

Appeal from the United States District Court
for the District of Maryland
No. 19-cv-02473 – Stephanie Gallagher

**APPELLEES' RULE 28(j) LETTER**

**CITING SUPPLEMENTAL AUTHORITIES**

Although the Court denied Appellant's motion to include an irrelevant

administrative decision in a supplemental appendix for the first time with its reply,

*see* Doc.45, Appellant asks that the Court judicially notice the same decision in its

reply brief, *see* Doc.51, p.14 n.5.  Appellees write to direct the Court's attention to

the same documents cited in opposition to Appellant's prior motion, *see* Doc.43, as

they aptly demonstrate why the administrative hearing is not relevant to this appeal, even by Appellant's own admission.

Most obviously, Appellant affirmatively argued in that administrative proceeding that his prevailing there would not conflict with this case's district court decision (or the basis thereof).  *See attached* **Exhibit A**.  Appellant Washington argued:

> The findings made by the district court differ materially from the singular question contested here.  Unlike the claims in the federal case, Mr. Washington does not assert here that his constitutional rights were violated, and the Office of Administrative Hearings does not need to find a constitutional violation to grant Mr. Washington's petition.

*Id.* at ¶7 (emphasis added).  This was accepted by the administrative hearing officer, as Appellant's motion to strike the district court's opinion from the record was granted, and Appellant now seeks to mislead this Court by arguing the opposite – that the administrative decision does conflict.  Appellant should be judicially estopped from making this argument, and the decision should not be judicially noticed as it is irrelevant by Appellant's own admission.

Moreover, the State of Maryland has sought judicial review of the misguided administrative decision, *see attached* **Exhibit B** (case number 24-C-24-000210), and requested a stay, *see attached* **Exhibit C** (which was granted on 2/12/2024). Thus, these authorities show that the administrative decision that Washington

wants this Court to judicially notice is neither final nor relevant (by Washington's own successful argument).   Washington suggests in his reply brief that the administrative law judge made factual findings that Washington himself previously disavowed he was even asserting there.

Respectfully submitted,

/s/ Michael Redmond
*Attorney for Defendants-Appellees*

Michael Redmond
Director, Appellate Practice Group
Baltimore City Law Department
100 North Holliday Street, Rm 101
Baltimore, Maryland 21212
410-396-7536
Michael.redmond@baltimorecity.gov

## **CERTIFICATE OF SERVICE**

I, Michael Redmond, an attorney, hereby certify that I filed the foregoing document via the Court's CM/ECF system on March 20, 2024, and thereby served a copy on all counsel of record.

/s/ Michael Redmond
*Attorney for Defendants-Appellees*

## CERTIFICATE OF COMPLIANCE
## <u>WITH LENGTH AND TYPEFACE LIMITATIONS</u>

     1.     This letter complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body of the letter contains 322 words.

     2.     Pursuant to Fed. R. App. P. 27(d)(E), this Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6).

     <u> /s/     Michael Redmond</u>

**Exhibit A**

IN THE MATTER OF THE WRONGFUL
CONVICTION OF GARY WASHINGTON,

Claimant

v.

THE BOARD OF PUBLIC WORKS,

Respondent

BEFORE ANN C. KEHINDE,

AN ADMINISTRATIVE LAW JUDGE
OF THE MARYLAND OFFICE FOR
ADMINISTRATIVE HEARINGS

OAH No. BPW-WLA-02-23-13216

### CLAIMANT'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE
### THE DISTRICT COURT'S SUMMARY JUDGEMENT OPINION

Claimant, Gary Washington, submits the following reply:

### ARGUMENT

1.      The Baltimore City's State Attorney's Office ("City") presents a convoluted

argument in support of its response, relying on a fundamentally flawed premise. While the City

is correct that the evidence the district court relied on at summary judgment is admissible in

these proceedings, the City fails to explain why the district court's opinions *about* the evidence

are probative of any fact in dispute: Mr. Washington's factual innocence. Indeed, the City has it

backward: It argues that because the district court relied on some of the same evidence that has

been admitted in these proceedings, the district court's summary judgement opinion is itself

relevant. That is not the standard for admissibility. The correct inquiry is: would a reasonable and

prudent person rely on the opinion *itself* as independent evidence of Mr. Washington's

innocence? Md. Code Ann., State Gov't § 10-213(b). The answer is no.

2.      The City argues primarily that the district court's summary judgment

memorandum and opinion ("SJ Opinion") is relevant in this proceeding because (1) the evidence

adduced in the federal case was examined and tested by U.S. attorneys who made credibility

determinations about the witnesses; (2) the evidence in the federal case was also examined and

tested by the district court which made reliability and credibility determinations; and (3) some of this evidence was relied on at summary judgement. The City then reasons that because depositions from the federal case were used in this proceeding, the SJ Opinion must therefore be relevant to the issue of Mr. Washington's factual innocence. *See* City's Response at ¶¶ 4-6. This argument is a non-starter because it is premised on misstatements of fact and the logic is impossible to follow.

3.      First, no U.S. Attorneys participated in the litigation of the civil lawsuit. A mere glance at the appearance page of every deposition submitted in this case demonstrates this. The Baltimore Police Department is represented by attorneys from Baltimore City's Law Department and the individual defendants are represented by private civil attorneys. *See Gary Washington v. Baltimore Police Department, et al.*, No. 19-cv-02473 (D. Md.) at ECF Nos. 18, (entry of appearance for counsel from the Baltimore City Department of Law on behalf of Baltimore Police Department), 72 (same), 24 (entry of appearance for by a private attorney on behalf of the individual defendants), 46 (same). Expectedly, no U.S. Attorneys have conducted reliability and credibility evaluations of any of the evidence in the civil litigation, much less the evidence submitted as part of the summary judgment briefing. *Cf.* City's Response at ¶ 6.

4.      Second, the district court did not and has not made any reliability and credibility evaluations of any of the evidence in this case, including the evidence submitted at summary judgment. The evidentiary standard at summary judgment permits the court to consider any material as long as it is "presented in a form that would be admissible in evidence." *Whittaker v. Morgan State Univ.*, 524 F. App'x 58, 60 (4th Cir. 2013); *see also* Fed. R. Civ. P. 56(c)(2). Accordingly, the SJ Opinion is devoid of any analysis about reliability. The SJ Opinion centers primarily on a legal inquiry about collateral estoppel, as opposed to a determination of the merits

of the claim. Furthermore, as has been repeatedly stated, at summary judgment, the district court is barred from making any credibility findings. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).[1]

5.      But even if any of these misstatements were true, it would not make a difference. The underlying evidence (depositions) that have been admitted in this proceeding, with no objection from the City, are admissible in their own right. *See* Md. Cod. Ann., State Gov't § 10-213(b), (c). It does not matter if a U.S. Attorney or the district court evaluated them. Further, even if the district court had made reliability and credibility determination during the civil proceeding, (and it did not), not a single relevant determination appears in the SJ Opinion.

6.      Unsurprisingly, the City does not point to a single sentence in the SJ Opinion that relates to the question of Mr. Washington's factual innocence. Nor could it because the district court did not address this question.

7.      The analysis required here is simple. The findings made by the district court differ materially from the singular question contested here. Unlike the claims in the federal case, Mr. Washington does not assert here that his constitutional rights were violated, and the Office of Administrative Hearings does not need to find a constitutional violation to grant Mr. Washington's petition. Mr. Washington is entitled to compensation if Mr. Washington has shown by clear and convincing evidence that he did not murder Faheem Ali. The evidence of Mr. Thomas guilt is enough to carry this burden. There is nothing in the SJ Opinion that helps resolve the issue of factual innocence.

---

[1] The City's response contains other erroneous statements, but Mr. Washington does not address them because they are generally immaterial.

8.    Consequently, under the rules of evidence prescribed by the Administrative Procedure Act, the SJ Opinion should be excluded. *See* Md. Code. Ann., State Gov't § 10-213(d) (permitting the exclusion of irrelevant evidence).

For the foregoing reasons and the reasons set forth in Mr. Washington's opening brief, Mr. Washington moves for the SJ Opinion to be struck from the record and district court's summary judgment findings to not be considered in this proceeding. Mr. Washington also requests that the record now be closed.

Respectfully submitted,

**GARY WASHINGTON**

By:      /s/ Renee Spence
*One of Claimant's Attorneys*

Renee Spence
Loevy & Loevy
311 N. Aberdeen Street
3rd Floor
Chicago, IL 60607
spence@loevy.com

## <u>CERTIFICATE OF SERVICE</u>

I, Renee Spence, an attorney, hereby certify that on December 1, 2023, I served this

notice by email and by mail on:

Genevieve Vallar
Assistant State's Attorney
Office of the State's Attorney for Baltimore City
120 E. Baltimore Street, Baltimore, Maryland 21202
gvallar@stattorney.org

Janee Fountain
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, Baltimore, Maryland 21202
jfountain@oag.state.md.us


/s/ Renee Spence
*One of Claimant's Attorneys*

5

**Exhibit B**

IN THE CIRCUIT COURT FOR BALTIMORE CITY – CIVIL DIVISION

| | |
|---|---|
| Petition of Office of the State's Attorney for | * |
| Baltimore City | |
|     120 East Baltimore Street | * |
|     Baltimore, MD 21202 | |
| | * |
| For the Judicial Review of the Decision of the | |
| Maryland Office of Administrative Hearings | *    Civil Case no._____ |
|     11101 Gilroy Road | |
|     Hunt Valley, MD 21031 | *    OAH Case no. BPW-WLA-02- |
| |     23-13216 |
| In the Case of the Wrongful Conviction of | * |
| Gary Washington, Claimant v. Board of | |
| Public Works. | * |

    *    *    *    *    *    *    *    *    *    *

## PETITION FOR JUDICIAL REVIEW

Pursuant to Md. Rule 7-202, the Office of the State's Attorney for Baltimore City, as an interested party to this proceeding, respectfully submits this Petition for Judicial Review of the January 2, 2024 final decision by the Office of Administrative Hearings granting an Order of Eligibility for Compensation and Benefits under the Walter Lomax Act, Maryland State Finance and Procurement §10-501.

Petitioner was an interested party to the proceeding and is entitled to appeal under §10-501(c)(6) of the Walter Lomax Act. (Md. State Government Code Ann. § 10-222).

Respectfully submitted,
Ivan J. Bates
State's Attorney for Baltimore City

Genevieve Vallar, Esq.
Assistant State's Attorney
Conviction Integrity Unit
Baltimore City State's Attorney Office
120 E. Baltimore Street
Baltimore, MD 21202
Tel: 443-984-6007
gvallar@stattorney.org

1

## CERTIFICATE OF SERVICE

I certify that on this 10th day of January, 2024, I caused copies of this Petition to be sent to the following parties by U.S. mail:

Gary Washington
5028 Yellowwood Avenue
Baltimore, MD 21209

Renee Spence, Esq.
Counsel for Claimant
Loevy & Loevy
311 North Aberdeen Street, 3rd Floor
Chicago, IL 60607
spence@loevy.com

Michele Nethercott, Esq.
Counsel for Claimant
5028 Yellowwood Avenue
Baltimore, MD 21209
mnethercott@gmail.com

AAG Janee Fountain
Office of the Attorney General
200 St. Paul Place
Baltimore, MD  21201
jfountain@oag.state.md.us

The Honorable Ann C. Kehinde
Maryland Office of Administrative Hearings
11101 Gilroy Road
Hunt Valley, MD 21031

John T. Gontrum
Executive Secretary
Board of Public Works
80 Calvert Street, Room 117
Annapolis, MD 21401
John.gontrum@maryland.gov

AAG David Bohannon
General Counsel
Board of Public Works
80 Calvert Street, Room 117
Annapolis, MD 21401
David.Bohannon4@maryland.gov

Jacob R. Day, Esq.
Secretary of Housing and Community Development
7800 Harkins Road
Lantham, MD 20706

Portia Wu, Esq.
Secretary
Maryland Department of Labor
1100 North Eutaw Street
Baltimore, MD 21201

Emily Dow, Assistant Secretary
Maryland Higher Education Commission
Academic Fairs
6 North Liberty Street
Baltimore, MD 21201

Genevieve Vallar, Esq.

**Exhibit C**

IN THE CIRCUIT COURT FOR BALTIMORE CITY – CIVIL DIVISION

| | |
|---|---|
| Petition of Office of the State's Attorney for Baltimore City<br>120 East Baltimore Street<br>Baltimore, MD 21202 | *<br><br>*<br><br>* |
| For the Judicial Review of the Decision of the Maryland Office of Administrative Hearings<br>11101 Gilroy Road<br>Hunt Valley, MD 21031 | *    Civil Case no._____<br><br>*    OAH Case no. BPW-WLA-02-<br>      23-13216 |
| In the Case of the Wrongful Conviction of Gary Washington (Respondent) v. Board of Public Works. | *<br><br>* |

\*        \*        \*        \*        \*        \*        \*        \*        \*        \*

## MOTION TO STAY THE ENFORCEMENT OF THE OFFICE OF ADMINISTRATIVE HEARINGS ORDER

Pursuant to Md. State Gov. Code Ann. §10-222(e), Petitioner, Office of the State's Attorney for Baltimore City, requests to stay enforcement of the Order of the Maryland Office of Administrative Hearings ("OAH") final decision dated January 2, 2024 granting compensation and benefits while pending judicial review in the Circuit Court for Baltimore City- Civil Division:

1. An Order dated January 2, 2024 was issued by OAH granting an Order of Eligibility for Compensation in the amount of $2,982, 204.75, and Benefits to resolve all claims for housing, education and health insurance in the amount of $89,100.00 under the Walter Lomax Act. Md. State Finance and Procurement Code Ann. §10-501.

2. Although not requested by the Respondent, the ALJ made a recommendation for an expedited schedule without notice to the other parties, and ordered that the first initial

1

payment for the above compensation and benefits to begin 60 days from the date of the Order.

3. In opposition to the Order of Eligibility for Compensation and Benefits, the Office of the State's Attorney for Baltimore City filed a Petition for Judicial Review on January 10, 2024. An OAH decision subject to judicial review under the Administrative Procedure Act provides that this Court may "reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion or decision "is unsupported by competent, material, and substantial evidence in light of the entire record as submitted, "is arbitrary or capricious," or "is affected by any other error of law." Md. State Government Code Ann. § 10-222(h); *Beeman v. Department of Health & Mental Hygiene*, 105 Md. App. 147, 658 A.2d 1172 (1995). Among the errors of law, the ALJ declined to give any weight to the Order denying Mr. Washington's Petition for Post-Conviction Relief by Judge Allen Schwait dated December 10, 1999 and the Writ of Actual Innocence Ruling by Judge Charles Peters dated August 30, 2018. Further argument will be submitted pending judicial review since Petitioner is awaiting OAH's case transcript.

4. Pursuant to Md. State Gov. Code Ann. §10-222(e)(2), the reviewing court may order a stay of the enforcement of the final decision on terms that the court considers proper. Whether to grant or deny a stay of proceedings is a matter within the discretion of the trial court. *Dodson v. Temple Hill Baptist Church, Inc.*, *supra*, 254 Md. at 546; *Waters v. Smith*, 27 Md. App. 642, 652-53, 342 A.2d 8 (1975), *aff'd*, 277 Md. 189, 352 A.2d 793 (1976). Petitioner firmly believes that the ALJ's Order is not based on substantial

evidence and without legal error. Thus, enforcement of the OAHs decision would be premature while judicial review is pending.

5. Respondent will not suffer substantial injury if this Court stays the enforcement of OAH's Order pending judicial review. Indeed, Respondent has been convicted, sentenced and subsequently confined since June 16, 1987 and was later released on October 29, 2018. Respondent filed his Petition under the newly enacted Walter Lomax Act[1] on May 18, 2023. OAH's final decision was dated January 2, 2024 and was later appealed by the Office of the State's Attorney for Baltimore City **8 days later** on January 10, 2024. The expected case processing of an administrative appeal is generally placed on the Civil – Fast Track with a trial or merits hearing within 7-120 days from Notice. Thus, Petitioner has not caused any substantial delay by the pending judicial review.

6. In addition, Respondent is still pending a federal lawsuit with the same evidence and alleging that he was wrongfully convicted. Prior to Respondent's Petition for Compensation and Benefits under the Walter Lomax Act, Respondent filed a federal civil suit on September 5, 2019 alleging that the Baltimore Police Detectives and Baltimore Police Department caused his wrongful conviction. *Gary Washington v. Baltimore Police Dept., et al.*, No. 19-CV-02473 (D. Md.). After a hearing, the federal court granted summary judgment in favor of the Baltimore Police Detectives and Baltimore Police Department. On September 24, 2023, Respondent filed his Fourth Circuit appeal

---

[1] The Md. State Finance and Procurement Code Ann. § 10-501, also known as the Walter Lomax Act, was not enacted until July 1, 2021 to include compensation and benefits for individuals who have not received a Governor's Pardon or a State's Attorney's certificate of actual innocence.

of the district court's summary decision which is currently pending in the U.S. Court of

Appeals for the Fourth Circuit as *Gary Washington v. Thomas Pelligrini, et al.*, Case No.

23-1566.

For the above reasons, the Baltimore City State's Attorney's Office requests that while this

case is pending for judicial review that enforcement of the Office of Administrative Hearing's

Order dated January 2, 2024 awarding compensation and benefits be stayed until all remedies

have been exhausted.

> Respectfully submitted,
> Ivan J. Bates
> State's Attorney for Baltimore City
>
> Genevieve Vallar, Esq.
> Assistant State's Attorney
> Conviction Integrity Unit
> Baltimore City State's Attorney Office
> 120 E. Baltimore Street
> Baltimore, MD 21202
> Tel: 443-984-6007
> gvallar@stattorney.org

4

## CERTIFICATE OF SERVICE

I certify that on this 11th day of January, 2024, I caused copies of this Motion to Stay the enforcement of the Order granting compensation and benefits to be sent to the following parties by U.S. mail:

Gary Washington
5028 Yellowwood Avenue
Baltimore, MD 21209

Renee Spence, Esq.
Counsel for Claimant
Loevy & Loevy
311 North Aberdeen Street, 3rd Floor
Chicago, IL 60607
spence@loevy.com

Michele Nethercott, Esq.
Counsel for Claimant
5028 Yellowwood Avenue
Baltimore, MD 21209
mnethercott@gmail.com

AAG Janee Fountain
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21201
jfountain@oag.state.md.us

The Honorable Ann C. Kehinde
Maryland Office of Administrative Hearings
11101 Gilroy Road
Hunt Valley, MD 21031

John T. Gontrum
Executive Secretary
Board of Public Works
80 Calvert Street, Room 117
Annapolis, MD 21401
John.gontrum@maryland.gov

AAG David Bohannon
General Counsel
Board of Public Works
80 Calvert Street, Room 117
Annapolis, MD 21401
David.Bohannon4@maryland.gov

Jacob R. Day, Esq.
Secretary of Housing and Community Development
7800 Harkins Road
Lantham, MD  20706

Portia Wu, Esq.
Secretary
Maryland Department of Labor
1100 North Eutaw Street
Baltimore, MD 21201

Emily Dow, Assistant Secretary
Maryland Higher Education Commission
Academic Fairs
6 North Liberty Street
Baltimore, MD 21201

Genevieve Vallar, Esq.

6